Stickney, Spencer & Ordway, for appellant.
Story & Stratton, for respondent.

MacLEAN, J. It appearing in this action (one for the recovery of money only) that the defendant was a corporation created by and under the laws of the state of New Jersey, and therefore not a resident of the county of New York, objection was made that the court below (the municipal court of the city of New York), being, as has been held in Re Schultes, 33 App. Div. 524, 54 N. Y. Supp. 34, a local, inferior court, created since the adoption of the present constitution, had not jurisdiction of the defendant, because it is provided in the constitution (article 6, § 18), "The legislature shall not hereafter confer upon any local or inferior court of its creation * * * any greater jurisdiction * * * than is conferred upon county courts by or under this article," and county courts have not, and so are expressly prohibited from having, such jurisdiction, in that the constitution (Id. § 14) further provides "that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only * * * in which any person not a resident of the county is a defendant."

The objection was well taken, notwithstanding that the Greater New York charter (section 1364) has ordained that "the said municipal court has jurisdiction in * * * an action against * * * a foreign corporation having an office in the city of New York." By its very creation in and by the state of New Jersey, the defendant was made a resident of, and domiciled within, that state, from which it was incapable of passing personally. Plimpton v. Bigelow, 93 N. Y. 598. In so far as it confers upon the municipal court jurisdiction in an action for the recovery of money only against a foreign corporation, section 1364 of the Greater New York charter is unconstitutional, and therefore nugatory. The judgment should be reversed.

Judgment reversed, with costs to the appellant. All concur.

---

BALLA v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. April 21, 1899.)

STREET RAILWAYS—CROSSING ACCIDENTS—NEGLIGENCE.
    A pedestrian cannot recover for an injury from a street car at a crossing, where there was no evidence that she looked for an approaching car, or as to how far distant the car was when she attempted to cross, or that the accident was due to negligence of the company.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Anna Balla against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
MacElhinny & Martin, for respondent.

FREEDMAN, P. J.   The plaintiff in this action, as she was cross-ing Twenty-Third street, on the way down the easterly side of Third avenue of this city, was run against by the horses attached to one of defendant's cars, and thrown down and injured, for which she recov-ered a judgment in the trial court for the sum of $100 damages.   At the close of the plaintiff's testimony, the defendant made a motion to dismiss the complaint upon the ground that the plaintiff had not shown herself free from contributory negligence, which motion was denied.   A similar motion was again made at the close of the case, and denied.

The plaintiff was going downtown, with a box on her head.   The accident appears to have occurred when the plaintiff was near the middle of the crossing.   There is no evidence to show that she looked in either direction to ascertain if a car was approaching; nor is there any testimony as to how far distant the car was when she attempted to cross the street.   Neither does it appear that the accident oc-curred through any fault of the defendant.   Taking all the facts and circumstances together, the case as made, both on the question of plaintiff's contributory negligence, and on the question of the defend-ant's negligence, was as consistent with the exercise of due care as with negligence, on the part of both parties; and, upon such a state of facts, the plaintiff cannot recover.

Judgment reversed, and new trial ordered, with costs to the appel-lant to abide the event.

MacLEAN, J., concurs.   LEVENTRITT, J., taking no part.